462 A.2d 281

**Leland E. SMITH, Appellant,**

v.

**CROWDER JR. COMPANY.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1982.

Filed July 1, 1983.

Harry A. Dower, Allentown, for appellant.

James Bernard Martin, Allentown, for appellee.

Before BROSKY, ROWLEY and MONTGOMERY, JJ.

PER CURIAM:

This case is before the Court on the appeal of Leland E. Smith from an order of the trial court dismissing his petition for the appointment of appraisers to value the shares of stock that he owns in Crowder Jr. Company, appellee. The Honorable Donald E. Wieand, now a Judge of this Court, determined, after a hearing, that appellant was not

entitled to relief as a "dissenting shareholder" under § 515 of the Business Corporation Law (BCL), 15 P.S. § 1515. On appeal, appellant argues that the "ultimate issue ... is whether or not [he] is entitled to the rights and remedies of a dissenting shareholder under the" BCL. After careful review of the record and briefs and consideration of the oral arguments presented on behalf of the parties, we agree with Judge Wicand and adopt the opinion filed by him in the trial court.

Leland E. Smith has filed a petition alleging that he is a dissenting shareholder and entitled to the appointment of appraisers to determine the value of the shares of stock which he owns in Crowder Jr. Company. We conclude, after hearing, that he is not a dissenting shareholder under Section 515 of the Business Corporation Law, 15 P.S. § 1515, and that, in any event, his petition is not timely filed. Therefore, we must deny the requested relief.

Crowder Jr. Company, hereinafter "Crowder," was incorporated under the laws of the State of Delaware on January 10, 1920. On or about September 18, 1967, petitioner purchased 540 shares of the corporation's stock from a third person. He was elected to the Board of Directors on April 22, 1968. On December 16, 1970, the Board unanimously adopted a resolution to domesticate the corporation in Pennsylvania, effective the beginning of 1971, and to dissolve the corporation in Delaware, effective the end of 1970. The resolution also provided that the Pennsylvania corporation should have the same powers as the Delaware corporation. Smith not only voted in favor of the resolution but he, together with his fellow directors and stockholders, consented in writing to the resolution.

At the time of adopting the resolution, the matter of cumulative voting was not specifically discussed. Smith, however, was an experienced stockbroker and knew that under applicable provisions of law in Delaware, the corporation did not enjoy the right of cumulative voting. In the articles of domestication in Pennsylvania a specific provision was inserted which negated cumulative voting. This

was made necessary because, under Section 505 of the Business Corporation Law as amended and in effect at the time of domestication, shareholders enjoyed the right of cumulative voting in the election of directors unless contrary provisions were included in the articles of incorporation. See: Act of July 20, 1968, P.L. 459, No. 216, § 28, 15 P.S. § 1501. The domesticated corporation was intended to retain the same noncumulative voting which had existed in the prior Delaware corporation.

Following domestication of the corporation, Smith was elected annually to the office of director until 1979. In those years, directors were elected by a process wherein each shareholder cast one vote for each share of stock. Only five persons were nominated to fill the five seats on the Board, however, and cumulative voting was not a matter of dispute. At the annual meeting of April 23, 1979, Smith failed of election to the Board. Thereafter, on May 14, 1979, he made a demand for payment of the fair value of his shares, contending that he was a dissenting shareholder because of his disagreement with the provision in the articles of domestication which denied him the right to cumulate his votes. When agreement concerning the fair value of Smith's shares was not forthcoming, a petition for the appointment of appraisers was filed.

The Business Corporation Law, in Section 810, 15 P.S. § 1810, provides in part:

"If any amendment to the articles shall ... eliminate cumulative voting for directors of a business corporation, the holder of any outstanding shares the ... cumulative voting rights of which are so cancelled, affected or eliminated, who shall object to such amendment and comply with section 515 of this act, shall be entitled to the rights and remedies of dissenting shareholders therein provided."

Section 515 of the Business Corporation Law, 15 P.S. § 1515, establishes a procedure to protect the rights of dissenting shareholders. By way of summary, it requires the dissenting shareholder to vote against the amendment

of the articles and to make a written demand for the value of his shares within twenty (20) days after the date of the vote approving such amendment. If agreement as to the value of his shares is not reached, a dissenting shareholder may demand proceedings to value his shares at any time "after sixty days and within ninety days after the date" on which the amendment became effective.

■ In the instant case, the petition is defective for several reasons. In the first place, petitioner consented in writing to the domestication of the corporation in Pennsylvania with full awareness that it was to have the same powers as it had had in Delaware. He neither voiced disagreement with the articles of domestication nor gave written notice of dissent to them or to the clause precluding cumulative voting. Moreover, it is difficult to perceive how the articles of domestication can be considered an "amendment" eliminating cumulative voting. The corporation never in its existence in Delaware enjoyed cumulative voting, and the clause in question was essential to continue noncumulative voting under different provisions of the Pennsylvania Business Corporation Law. Thus, there was no "amendment" eliminating cumulative voting, but merely a provision by which the corporation continued, as in the past, without a right of cumulative voting.

■ The articles of domestication became effective on January 1, 1971. A written objection to the absence of cumulative voting and a demand for the fair value of petitioner's shares, made for the first time in 1979, were too late. The petition, therefore, was untimely and must also be rejected for this reason.

In reaching these conclusions we have rejected petitioner's testimony that he was not aware that the articles of domestication denied to him the right to cumulate his votes and believed subjectively, despite his consent to the domestication of the corporation with the same powers it had had in Delaware, that he acquired cumulative voting rights after domestication. He conceded that he had been familiar with the laws of Delaware and Pennsylvania as they per-

tained to cumulative voting, knew that the Delaware corporation did not enjoy cumulative voting, and consented to a plan of domestication that would enable the Pennsylvania corporation to have the same powers as the Delaware corporation. In addition, he conceded specifically that he had seen and examined the clause of the articles which precluded cumulative voting at least two or three years before filing the instant petition but did not dissent or make claim for the value of his shares. Not only did he not dissent, but he continued to vote his shares of stock noncumulatively and remained on the Board of Directors until April 23, 1979. It was not until that date, after petitioner had been defeated in his bid for re-election to the Board, that he gave written notice of dissent. These are not circumstances recommending relief under Section 515.

We have also rejected petitioner's argument that somehow his rights were enlarged because of a hiatus which occurred when the Delaware corporation was dissolved on December 22, 1970, nine days before domestication in Pennsylvania. If a corporation was newly organized in Pennsylvania on December 31, 1970, petitioner could have acquired no rights as a dissenting shareholder.

These rights accrue only upon "amendment" of the articles to eliminate cumulative voting. There is no comparable right needed in the case of a newly organized corporation whose articles contain an express provision that its shareholders shall not enjoy the right to cumulative their votes.

Our conclusion is consistent with, although not necessarily controlled by, Section 505(B) of the Business Corporation Law, as amended by the Act of July 20, 1968, 15 P.S. § 1505(B), which provides:

"The shareholders of a business corporation not incorporated hereunder, the shareholders of which were not entitled to cumulate their votes for the election of directors at the date the corporation became or becomes subject to the provisions of this act, shall be entitled so to

cumulate their votes only if and to the extent its articles so provide."

(Footnote omitted.)

Appellant also argues, on appeal, that the trial court erred in dismissing his claim for "untimeliness" because appellee had never pleaded the defenses of Laches or the statute of limitations. Since appellant is not a "dissenting shareholder" under § 810 of the BCL, this argument is moot. Such an argument, moreover, is based on a misconception of Judge Wieand's statement "that, in any event, [appellants] petition is not timely filed." This conclusion is an alternative holding that even if appellant were a "dissenting shareholder" he was not entitled to relief because he failed to comply with the procedural time requirements contained in § 515 of the BCL. While we also agree with this determination, we prefer to base our order on the ground that appellant is *not* a "dissenting shareholder."

Order affirmed.